Daniel E. Thenell, OSB No. 971655
Dan@thenelllawgroup.com
Paige M. Chrz, OSB No. 223759
Paige@thenelllawgroup.com
Thenell Law Group, P.C.
6 Centerpointe Drive, Ste. 450
Lake Oswego, OR 97035
Telephone: (503) 372-6450
Facsimile: (503) 372-6496
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| GREGORY LAWRENCE ARMENTA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF NYSSA, a government entity, JIM MARET, in his individual capacity as City Manager.<br><br>　　　　　　Defendant. | Case No.<br><br>**COMPLAINT**<br><br>**UNPAID COMPENSATION UNDER THE FAIR LABOR STANDARDS ACT; WHISTLEBLOWER PROTECTION; OREGON UNLAWFUL EMPLOYMENT PRACTICES**<br><br>**29 U.S.C. §§ 207 and 215(a)(3)**<br>*ORS 659A.199, and ORS 659A.203*<br><br>**Damages To Be Determined at Trial**<br><br>**DEMAND FOR JURY TRIAL** |

**INTRODUCTORY STATEMENT**

1.

Plaintiff Gregory Lawrence Armenta (hereinafter "Plaintiff"), by and through his attorneys,

COMPLAINT - Page 1　　　　　　　　　　　　　　　　　　　　　　　　　　　　　2025-007

THENELL LAW GROUP, P.C.
6 Centerpointe Drive, Suite 450
Lake Oswego, Oregon 97035
Telephone (503) 372-6450
Facsimile (503) 372-6496

Thenell Law Group, P.C., brings these actions against the City of Nyssa, and its City Manager Jim Maret, for both economic and non-economic damages for the following claims alleged below:

## JURISDICTION AND VENUE

2.

This Court has jurisdiction over Plaintiff's claims for unpaid overtime and other compensation and relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. section 201, et seq. and under 28 U.S.C section 1331 Federal Question Jurisdiction. The Court has supplemental jurisdiction over state claims under 28 U.S.C. 1367.

3.

Venue is proper under 28 U.S.C. § 1391(b), in that Defendant resides in the District of Oregon and Plaintiff's claims for relief arose in this district.

## PARTIES

4.

At all times material herein, Plaintiff was a resident of the State of Oregon.

5.

At all times material Plaintiff was a Police Sergeant with the City of Nyssa Police Department.

6.

At all times material herein, Defendant City of Nyssa (hereinafter "Defendant") was Plaintiff's employer. Defendant is a governmental subdivision within the County of Malheur in the State of Oregon, charged by the citizens with enforcing the criminal laws of the City. Defendant Maret was the City Manager and had authority to set policy and make binding decisions for the City of Nyssa.

///

///

COMPLAINT - Page 2                                                                                                         2025-007

THENELL LAW GROUP, P.C.
6 Centerpointe Drive, Suite 450
Lake Oswego, Oregon 97035
Telephone (503) 372-6450
Facsimile (503) 372-6496

## GENERAL FACTUAL ALLEGATIONS

7.

Plaintiff was hired by the City of Nyssa in April 2012. Plaintiff's last day of employment was February 18, 2025. In the last three years of Plaintiff's employment, he worked over 1,100 hours of overtime. Plaintiff was meant to work 40 hours per week, with a schedule of Friday through Monday 7:00am to 5:00pm. However, Plaintiff regularly worked more than 40 hours per week, as on his days off he was frequently called to forensic interviews due to short patrol coverage. Plaintiff's job duties primarily consisted of patrol and investigations; he would also take calls for service as he was the only officer on Saturdays to Mondays. As part of his investigation duties, he would be called to respond any time there was a sexual assault.

8.

In April 2023, Nyssa Police Corporal Joseph Johnson was murdered in the line of duty. On or around August 2023, Plaintiff requested a meeting with Defendant Maret, who, as a level 1 reserve officer, was permitted to patrol solo. Having heard from fellow officers that Maret needed more training, Plaintiff addressed the issue with Mr. Maret out of concern for his safety. Following the meeting, Defendant Maret promptly began retaliating against Plaintiff. For example, Plaintiff's patrol vehicle had repeatedly died and required towing while on scene, and Plaintiff was set to receive a new vehicle; following the meeting between Plaintiff and Defendant, the new vehicle was instead given to a brand-new officer. Further, the closet connected to Plaintiff's office was improperly sealed, which resulted in frequent flooding and black mold growth; Defendant Maret repeatedly denied Plaintiff's requests to remedy the seal. Lastly, Plaintiff was the only officer in the Nyssa Police Department who did not receive a raise upon the City's increased Public Safety Fee in 2024; significantly more junior officers received raises and promotions over Plaintiff, despite Plaintiff's 17-year-long tenure.

9.

At the time of his departure, Plaintiff's hourly rate was approximately $31.78 per hour. When

COMPLAINT - Page 3     2025-007

THENELL LAW GROUP, P.C.
6 Centerpointe Drive, Suite 450
Lake Oswego, Oregon 97035
Telephone (503) 372-6450
Facsimile (503) 372-6496

Plaintiff gave notice of his resignation, he told Mr. Maret he was entitled to both overtime pay and severance pay. Initially, Mr. Maret agreed to pay Plaintiff three months' severance pay, as he was the only employee in the office that had not received a raise in 2024. Defendant Maret told Plaintiff the City would not pay the overtime because of a contract between the City and Plaintiff purporting to credit Plaintiff with "administrative gain," and Mr. Maret agreed to pay Plaintiff 80 hours of administrative gain on that basis. The City also told Plaintiff that he would receive an hour off for every hour of overtime he worked. At the time of Plaintiff's departure, he had approximately 680 hours of administrative time; however, the City denied paying Plaintiff for those unused administrative hours. Further, Defendant Maret told Plaintiff that he would not be paid overtime as Mr. Maret claimed Plaintiff was exempt under the "executive" exemption to FLSA. When Plaintiff protested the City's decision, the City and Maret retaliated by denying Plaintiff his accumulated leave time. Plaintiff alleges the City and Maret's actions were malicious and that he is entitled to three years of unpaid overtime compensation.

**FIRST CLAIM FOR RELIEF**
**FAIR LABOR STANDARDS ACT (State of Oregon)**

10.

Plaintiff realleges the paragraphs above as though fully set herein, and further alleges:

At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA, 20 U.S.C. § 201, *et seq.*

11.

During the times when Plaintiff worked hours in excess of his regular schedule, he was entitled to overtime compensation at a rate of one and one-half times his regular rate of pay for each additional hour or faction thereof worked.

12.

As a proximate and direct result of the Defendants' conduct, Plaintiff is entitled to lost overtime compensation of not more than $75,000, plus double penalties and attorney fees.

## SECOND CLAIM FOR RELIEF
### Retaliation Under 29 U.S.C. 215

13.

Plaintiff realleges all previously alleged paragraphs.

14.

Plaintiff has incurred attorneys' fees and costs in pursuing this claim.

15.

Plaintiff reported misconduct as detailed in paragraphs 7, 8, and 9 of this complaint.

16.

Following Plaintiff's disclosure, he was subjected to adverse employment action in the form of denials of his request for a cash out of his administrative gain time and other reprisals from the City and Mr. Maret. Furthermore, City employees, with whom Plaintiff worked for 17 years, have been ordered by Mr. Maret not to speak to Plaintiff.

17.

As a direct and proximate cause of the Defendant's illegal retaliation Plaintiff has suffered non-economic damages in an amount to be determined at trial in the form of stress, anxiety, humiliation, damage to reputation, loss of sleep, pain and suffering. Plaintiff is entitled to an award for reasonable attorney fees and costs for pursuing this matter.

COMPLAINT - Page 5                                                                                     2025-007

THENELL LAW GROUP, P.C.
6 Centerpointe Drive, Suite 450
Lake Oswego, Oregon 97035
Telephone (503) 372-6450
Facsimile (503) 372-6496

## THIRD CLAIM FOR REIEF

## OREGON UNLAWFUL EMPLOYMENT PRACTICES

## (ORS 659A.199)

18.

Plaintiff realleges paragraphs 1 through 17.

19.

Plaintiff, in good faith, reported information he reasonably believed to be violations of state or federal law, rules, regulations regarding violation of federal overtime laws, rules and regulations.

20.

After reporting said conduct, the City Manager retaliated against Plaintiff by not paying him for the administrative time the City represented to which he was entitled.

21.

The City and Maret also withheld overtime to which Plaintiff was entitled.

22.

As a direct and proximate cause of the Defendant's illegal retaliation Plaintiff has suffered economic and non-economic damages in an amount to be determined at trial in the form of stress, anxiety, humiliation, damage to reputation, loss of sleep, pain and suffering. Plaintiff is entitled to an award for reasonable attorney fees and costs for pursuing this matter.

/ / /

COMPLAINT - Page 6

2025-007

THENELL LAW GROUP, P.C.
6 Centerpointe Drive, Suite 450
Lake Oswego, Oregon 97035
Telephone (503) 372-6450
Facsimile (503) 372-6496

## FOURTH CLAIM FOR RELIEF

### (ORS 659A.203)

23.

Plaintiff realleges the paragraphs above as though fully set forth herein.

24.

Plaintiff, in good faith, reported information he reasonably believed to be violations of state or federal law, rules, regulations regarding violation of federal overtime laws, rules and regulations.

25.

After reporting said conduct, the City Manager retaliated against Plaintiff by not paying him for the administrative time the City represented to which he was entitled. The City and Maret also withheld overtime to which Plaintiff was entitled.

26.

As a direct and proximate cause of the Defendant's illegal retaliation Plaintiff has suffered economic and non-economic damages in an amount to be determined at trial in the form of stress, anxiety, humiliation, damage to reputation, loss of sleep, pain and suffering. Plaintiff is entitled to an award for reasonable attorney fees and costs for pursuing this matter.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury of all issues, so triable that are raised herein, or which hereinafter may be raised in this action.

COMPLAINT - Page 7                                                                                          2025-007

THENELL LAW GROUP, P.C.
6 Centerpointe Drive, Suite 450
Lake Oswego, Oregon 97035
Telephone (503) 372-6450
Facsimile (503) 372-6496

**PRAYER FOR RELIEF**

1. An order for a complete and accurate account of all the compensation to which Plaintiff is entitled;

2. On his First Claim for Relief, Plaintiff pays for judgment against the City awarding Plaintiff's monetary damages in the amount of not more than $75,000 in unpaid overtime compensation.

3. On his Second Claim for Relief, Plaintiff prays for a judgment against Defendant for no less than $75,000 in unpaid overtime compensation, or an amount to be proven at trial;

4. On his first, second, third and fourth Claims for Relief, Plaintiff prayers for a judgment against Defendant for non-economic damages in an amount to be proven at trial.

5. For liquidated damages as allowed by federal law for failure to pay overtime compensation.

6. Post judgment interest in the amount of 9% per annum;

7. Attorney fees, costs and disbursements; and

8. Other such relief as justice may require.

THENELL LAW GROUP, P.C.

By: ___/s/ Daniel E. Thenell___
Daniel E. Thenell, OSB No. 971655
Email: dan@thenelllawgroup.com
Paige M. Chrz, OSB No. 223759
Email: paige@thenelllawgroup.com
*Of Attorneys for Plaintiff*

COMPLAINT - Page 8                                                                2025-007

THENELL LAW GROUP, P.C.
6 Centerpointe Drive, Suite 450
Lake Oswego, Oregon 97035
Telephone (503) 372-6450
Facsimile (503) 372-6496